```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  VICTOR A. RODGERS
    California Bar No. 101281
 6  Assistant United States Attorney
    Asset Forfeiture Section
 7       Federal Courthouse, 14th Floor
         312 North Spring Street
 8       Los Angeles, California 90012
         Telephone: (213) 894-2569
 9       Facsimile: (213) 894-7177
         E-mail: Victor.Rodgers@usdoj.gov
10
    Attorneys for Plaintiff
11  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 11-3094-GAF(Ex) |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT OF FORFEITURE** |
| APPROXIMATELY 3,012 GRAMS OF GOLD PELLETS, ONE 2006 ASHTON MARTIN CONVERTIBLE AND $4,138.00 IN U.S. CURRENCY, | |
| Defendants. | |
| POGOS SATAMYAN, MARIANNA DEMIRCHIAN AND JP MORGAN CHASE BANK, N.A., | |
| Claimants. | |

On or about April 12, 2011, plaintiff United States of America ("the government" or "the United States of America") filed a

Complaint for Forfeiture against the defendants Approximately 3,012 Grams of Gold Pellets, One 2006 Ashton Martin Convertible and $4,138.00 in U.S. Currency (collectively, the "defendants"), alleging that the defendants are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

Claimants Pogos Satamyan and Marianna Demirchian (collectively, "claimants") filed their respective claims to various defendants on or about June 9, 2011 and their respective answers to the complaint on or about July 29, 2011.  Claimant JP Morgan Chase Bank, N.A. filed on or about June 30, 2011 a claim to defendant One Ashton Martin Convertible and an answer to the complaint.  However, claimant JP Morgan Chase Bank, N.A.'s claim was resolved via the court's February 22, 2012 order (entered based upon the government and JP Morgan Chase Bank, N.A.'s stipulation) recognizing JP Morgan Chase Bank, N.A.'s lien with respect to defendant One Ashton Convertible and excusing JP Morgan Chase Bank, N.A. from further participating in this action.  No other parties have appeared in this case, and the time for filing claims and answers has expired.

The parties have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

/ / /

/ / /

/ / /

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this action and over the parties to this Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

3. Notice of this action has been given as required by law. No appearances have been made in this case by any person other than claimants and JP Morgan Chase Bank, N.A. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4. The defendants shall be and hereby are condemned and forfeited to the United States of America, which shall dispose of the defendants in accordance with law.

5. Pogos Satamyan and Marianna Demirchian, and each of them, hereby release the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Federal Bureau of Investigation and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs, and interest, which may be asserted by or on behalf of Pogos Satamyan and Marianna Demirchian, or either of them.

/ / /

6. The Court finds that there was reasonable cause for the seizure of the defendants and institution of these proceedings against the defendants. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

7. The Court further finds that claimants, and each of them, did not substantially prevail in this action. Each of the parties hereto shall bear their own attorney fees and costs.

DATED: March 14, 2013

_____
THE HONORABLE GARY ALLEN FEESS
UNITED STATES DISTRICT JUDGE

CONSENT

The parties hereto consent to the above Consent Judgment of Forfeiture and waive any right of appeal.

DATED: March 13, 2013

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: December 10, 2012

CALDWELL, LESLIE & PROCTOR, PC
MICHAEL J. PROCTOR
MICHAEL V. SCHAFLER

/s/ Michael V. Schafler
MICHAEL V. SCHAFLER

Attorneys for Claimants
POGOS SATAMYAN and MARIANNA DEMIRCHIAN